UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

| | |
|---|---|
| KENNETH WAYNE ELLER,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR,<br><br>    Defendant. | Case No.  16-cv-7139-NJV (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Dkt No. 3 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.  (Doc. 6.)

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that defendant has failed to provide him with dentures.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id*. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id*. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a

2

1   prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

2         A prison official is deliberately indifferent if he or she knows that a prisoner faces a
3   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate
4   it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of
5   facts from which the inference could be drawn that a substantial risk of serious harm exists," but
6   he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but
7   was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.
8   *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion
9   between a prisoner-patient and prison medical authorities regarding treatment does not give rise to
10  a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

11        Plaintiff seeks to be provided dentures. He has provided exhibits from when he was at San
12  Quentin State Prison, but he is now at Valley State Prison and has provided no information
13  concerning the status of his dentures request. The complaint is dismissed with leave to amend to
14  provide more information. Plaintiff should identify specific defendants at Valley State Prison who
15  have treated him for his dental problems and have denied or delayed his dentures.

### CONCLUSION

17  1. The complaint is **DISMISSED** with leave to amend in accordance with the standards
18  set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date
19  this order is filed and must include the caption and civil case number used in this order and the
20  words AMENDED COMPLAINT on the first page. Because an amended complaint completely
21  replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See*
22  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from
23  the original complaint by reference. Failure to amend within the designated time will result in the
24  dismissal of this case.

25  2. Plaintiff's motion for an order (Docket No. 3) is **GRANTED** in that plaintiff may show
26  this order to prison officials demonstrating that he has a deadline to file an amended complaint.

27  3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
28  informed of any change of address by filing a separate paper with the clerk headed "Notice of

1  Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so
2  may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
3  Procedure 41(b).
4  **IT IS SO ORDERED.**
5  Dated: January 25, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge

4